**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | |
|---|---|
| In re | Chapter 11 |
| **18 HAYSTACK MOUNTAIN LANE, LLC,** | Case No. 19-22101 (JJT) |
| **Debtor.** | |

**UNITED STATES TRUSTEE'S MOTION FOR AN ORDER**
**DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), in furtherance of his duties and responsibilities set forth in 28 U.S.C. § 586(a)(3) and (5), hereby moves, through his undersigned counsel, for an order dismissing the chapter 11 case of 18 Haystack Mountain Lane, LLC ("Debtor") pursuant to 11 U.S.C. § 1112(b).

The United States Trustee represents and alleges that the Debtor has failed to provide a legitimate and appropriate reason for maintaining a Chapter 11 case, has no property or business which may be the basis for a Chapter 11 reorganization; has filed its Chapter 11 bankruptcy in bad faith only for the purpose of illegitimately delaying its sole-listed creditor from obtaining possession of its leasehold after entry of judgment, and that there is a substantial and continuing loss to and diminution of the Debtor's bankruptcy estate along with an absence of a reasonable likelihood of rehabilitation.

Further, the United States Trustee alleges that the Debtor has failed to appropriately list itself as a "small-business debtor" as defined in 11 U.S.C. § 101(51D); has failed to file one or more documents required to be filed by "small-business debtors" pursuant to 11 U.S.C. § 1116; and complete and file required documents and official forms including its bankruptcy schedules and statement(s).  Further, the Debtor has failed to timely provide documents and information reasonably requested by the United States Trustee concerning the Debtor, its business, proof of its

1

current insurance coverages, level of risk to its creditor(s) or the public, and whether the Debtor has fully disclosed required information in its filed bankruptcy documents pursuant to 11 U.S.C. § 1112(b)(4)(H). In support of his motion, the United States Trustee, through his undersigned counsel, states the following:

## FACTS

1. The Debtor filed a "bare-bones" voluntary Chapter 11 petition on December 14, 2019.[1] *See* ECF 1. The Debtor was assisted in the filing of its Chapter 11 case by the law firm of Brunjec & Associates, P.C.[2] and Attorney John A. Brunjec specifically ("Attorney Brunjec"). *Id*. No application to employ counsel has yet been filed by the Debtor.

2. The Debtor's initial meeting of creditors is scheduled for Monday, January 6, 2020 at 10:00 a.m. ECF #2. The Bankruptcy Court's initial case management conference is scheduled for Friday, January 3, 2020 at 2:30 p.m. ECF #4.

3. The Debtor is an active limited liability company created and registered under the laws of the State of Connecticut as of June 26, 2019. The Connecticut Secretary of State website discloses that James Barnes is the only member of the Debtor and gives both business and residence addresses as 145 Deercliff Road, Avon, CT   06001.

4. Upon information sufficient to form a reasonable belief, the Debtor's only asset is a lease on property located at 18 Haystack Mountain Road, Wilmington, VT which leasehold has been terminated by judgment entered in the Vermont state courts.

---

[1] *See* the Bankruptcy Clerk's "Deficiency Notice." ECF #3.
[2] Although the Connecticut Secretary of State website lists the Brunjec & Associates, P.C. business address as 92 Hopmeadow Street, Suite 101, Weatogue, CT   06089, the law firm lists its address on Debtor's bankruptcy petition as being 15 North Main Street, Suite 217, West Hartford, CT   06107 which address is in the Regus Main Street Business Center which usually rents out office space, meeting rooms and "virtual office" services on a daily or otherwise short-term basis.

5. Further, upon information sufficient to firm a reasonable belief, the judgment for possession of the leasehold interest of the Debtor is the subject of an appeal recently filed by James R. Barnes, the principal and managing member of the Debtor, without the assistance of counsel as is required by the courts of the State of Vermont.

6. The Debtor describes its business as being associated with North American Industry Classification System code 5313, a business with "activities related to real estate." *See* ECF # 1, page 2. Debtor further states that its assets are valued at between $0 and $50,000, and that its liabilities are between $50,001 and $100,000. *Id.* at pages 3 and 4, respectively.

7. Debtor lists a single unsecured creditor on both its List of 20 Largest Unsecured Creditors and on its creditor matrix. ECF #1-1, page 1 and ECF 1-3, page 1, respectively. The listed creditor is RCN Capital Funding, LLC, 75 Gerber Road East, South Windsor, CT 06074 which is believed by the United States Trustee to be the either the Debtor's former landlord of its 18 Haystack Mountain Lane leasehold or its representative/agent.

8. At ECF #1, page 2, in responding to inquiry 10, the Debtor checked the "No" box to there being "any bankruptcy cases pending or being filed by a business partner or affiliate of the debtor." The United States Trustee believes that there is at least one and may be as many as two "affiliate" bankruptcy cases to the Debtor's case. The first case being: *In re: The Hermitage Inn Real Estate Holding Company, LLC* [19-10214 (CAB)], Chapter 7, pending in the Vermont Bankruptcy Court. The second possible affiliated case being: *In re Donna J. Barnes*, [19-20400 (JJT)], Chapter 11, pending before the Connecticut Bankruptcy Court.

**Initial Communication with the Debtor**

9. On the morning of Monday, December 16, 2019, the United States Trustee transmitted a lengthy email communication to Attorney Brunjec which requested critical

information concerning the Debtor's insurance coverages, assets, business operations, financials and why it failed to designate itself a small business debtor ("UST Email").

**Insurance Coverages**

10. The first issue discussed in the UST Email was the Debtor's need to demonstrate that it was the insured on current insurance policies which would protect both the bankruptcy estate and the public.

11. Since Debtor's existing bankruptcy filings did not describe the Debtor's business operations or its assets, the United States Trustee detailed information about both in the context of risk of monetary losses as well as risk to any employees and the public so that the United States Trustee might be able to consider what may constitute adequate insurance coverage for the Debtor.

12. The Debtor was requested to provide documents which would demonstrate that insurance coverages are currently in place, would describe the type and extent of insurance, the term of such insurance coverages, and whether such insurance premiums were prepaid to a date certain or being paid in installments.

**Verification of Creditor Body**

13. It is the United States Trustee's duty to solicit for the formation of an Official Committee of Unsecured Creditors ("Committee"). In order to do so, the United States Trustee utilizes the List of 20 Largest Unsecured Creditors which each Chapter 11 debtor is required to file with its petition for relief.

14. Debtor filed a List of 20 Largest Unsecured Creditors as ECF #1-1 which only contained a single creditor: RCN Capital Funding, LLC, 75 Gerber Road East, South Windsor, CT 06074. Similarly, the only entry on the Debtor's creditor-matrix was that same creditor.

15. The United States Trustee requested that the Debtor verify that the Debtor had no other creditors which, if correct, would obviate the need for the United States Trustee to solicit for the formation of a Committee.

### Identification, Protection and Valuation of Assets

16. The United States Trustee also requested that the Debtor provide a description of its tangible and non-tangible assets and set forth a liquidation and not "book" value of those assets as well as how those assets are currently being protected and preserved.

### Why the Debtor has not Designated Itself as a Small-Business Debtor

17. Through the Debtor's bankruptcy filings and independent sources, the United States Trustee was able to determine to a reasonable degree of certainty, that the Debtor is not the owner of real property, has recently or currently conducts some form of business operations, has aggregate noncontingent liquidated debts less than $2,725,625.00 and otherwise seems to conform with the definition of a small business debtor as provided by 11 U.S.C. § 101(51D).

18. The UST Email requested that the Debtor provide evidence and an explanation as to why it believes that it does not have to designate itself as a small business debtor.

### Current Business Activities/Profit & Loss Statement

19. Finally, the UST Email requested that the Debtor describe its current business activities, present client/customer base with contact information, and provide the United States Trustee with a profit and loss statement covering June 1, 2019 through December 14, 2019.

**Debtor's Response to UST Email**

**Insurance**

20. Attorney Brunjec responded timely to the UST Email by email stating that the Debtor carried a renter's policy on the 18 Haystack Mountain Lane property, explaining that the

Debtor rents the single-family-home from RCN Capital Funding, LLC ("RCN Capital") which owns the property.

21. The Debtor's response failed to include a copy of the renter's policy or describe its terms but offered to supply a copy of the policy by December 20, 2019.

22. The Debtor's response states that that it has "personnel;" however, the number or type of employee is not further disclosed. It is unknown to the United States Trustee whether worker's compensation insurance requirements are implicated.

23. The Debtor's response stated that no other insurance coverage protected the Debtor's bankruptcy estate or the public.

**Debtor's Business**

24. The Debtor's response also stated that its business was "vacation home rental" but did not state whether the 18 Haystack Mountain Lane single-family-home it leases from RCN Capital is the only "vacation home" for which it offers rental "services."

25. The Debtor's response also seems to imply that it either hasn't yet commenced operations or has done so only very recently referring to "the high season" presumably meaning the winter skiing season just commenced.

26. The Debtor's response states that the Debtor entity was created in order to enter into the lease agreement with RCN Capital; therefore, Debtor's business operations commenced on or after June 26, 2019.

**Debtor's Asset(s)**

27. The Debtor's response stated that its primary assets is its lease with RCN Capital which lease, if not terminated, may contain a purchase option which the Debtor may wish to consider.

**Small Business Debtor Status**

28.     The Debtor's response stated that Debtor does not believe that it qualifies as a small business debtor so did not so designate itself.   The United States Trustee, upon considering the available facts and the Debtor's response, is convinced that the Debtor does fit the statutory definition of small business debtor pursuant to 11 U.S.C. § 101(51D) and requests that the Bankruptcy Court so designate the Debtor if Debtor's case is not dismissed and the Debtor refuses to amend its bankruptcy petition to so self-designate itself a small business debtor.

**Failure to Provide Profit & Loss Statement**

29.     The United States Trustee requested that the Debtor provide him with a profit & loss statement for the period June 1 through December 14, 2019 period by the December 17, 2019 deadline.   The Debtor failed to do so stating that it had not prepared one.

30.     The United States Trustee's request for a profit and loss statement did not refer to an "existing" one but required that the Debtor produce and deliver one.   The request was reasonable under the circumstances, and the Debtor failed to either fulfill that request or seek additional time to do so.

**ARGUMENT**

Section 1112(b) governs conversion and dismissal of chapter 11 cases and states in relevant part as follows:

> (1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.
>
> (2) The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, and the debtor or any other party in interest establishes that --

> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title . . .; and
>
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)--
>
>> (i) for which there exists a reasonable justification for the act or omission; and
>>
>> (ii) that will be cured within a reasonable period of time fixed by the court.
>
> . . .
>
> (4) For purposes of this subsection, the term 'cause' includes--
>
> . . .
>
> (A) substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation;
>
> (C) failure to maintain appropriate insurance that poses a risk to the estate or to the public;
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter.
>
> . . .

11 U.S.C. § 1112(b).

Thus, with limited exceptions, Section 1112(b) mandates that the Court dismiss or convert a Chapter 11 case where any of the acts or omissions identified as "cause" in Section 1112(b)(4) exist. *In re Van Eck*, 425 B.R. 54, 58-59 (Bankr. D. Conn., Weil, J.); *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6 (Bankr. E.D. Tenn. 2008); *In re Gateway Access Solutions, Inc.,* 374 B.R. 556, 560 (Bankr. M. D. Pa. 2007); *In re TCR of Denver, LLC*, 338 B.R. 494, 498 (Bankr. D. Colo. 2006). The mandatory language of Section 1112(b) is a substantial departure from the former law, which left dismissal or conversion entirely in the Court's discretion. *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 560 ("Congress has purposefully limited the role of this Court in deciding issues of conversion or

dismissal, such that this Court has no choice, and no discretion, in that it 'shall' dismiss or convert a case under Chapter 11 if the elements for 'cause' are shown. . . .").

The word "includes" in Section 1112(b)(4) is not limiting. 11 U.S.C. § 102(3) (in construing the Bankruptcy Code, the terms "includes" and "including" are not limiting); *In re AdBrite Corp.*, 290 B.R. 209, 216 (Bankr. S.D.N.Y. 2003) (citations omitted). Indeed, the list of actions or omissions under Section 1112(b) is "illustrative, not exhaustive." *In re AdBrite Corp.*, 290 B.R. at 217. Therefore, in finding cause under Section 1112(b), the court may consider other grounds for dismissal or conversion other than those listed specifically and may rely on its equitable powers to reach an appropriate result. *Id.* (citing *C–TC 9th Ave. P'ship. v. Norton Co. (In re C–TC 9th Ave. P'ship.)*, 113 F.3d 1304, 1311 (2d Cir.1997)).

Under Section 1112(b)(2), a debtor can avoid dismissal or conversion where the debtor shows that there is "reasonable justification" for the deficiencies in the case, those deficiencies "will be cured within a reasonable period of time," and there is a reasonable likelihood that the debtor will confirm a plan. 11 U.S.C. § 1112(b)(2); *In re Van Eck*, 425 B.R. at 58-59; *In re Emergystat of Sulligent, Inc.*, 2008 WL 597613, *5-6; *In re Gateway Access Solutions, Inc.*, 374 B.R. at 561.

**THE ABSENCE OF ADEQUATE INSURANCE IS *CAUSE* TO DISMISS THE DEBTOR'S CASE UNDER SECTION 1112(b)(4)(C).**

According to 11 U.S.C. § 1112(b)(4)(C), a chapter 11 case should be dismissed or converted if a debtor's failure "to maintain appropriate insurance" poses a risk to the estate or to the public. Where a debtor owns real property with structures, Section 1112(b)(4)(C) requires that the debtor maintain property and liability insurance to protect the estate. *See e.g., In re Van Eck*, 425 B.R. at 61 (failure to maintain property and liability insurance on debtor's residence constitutes cause for dismissal)*; In re GEL, LLC,* 495 B.R. 240, 245 (Bankr. E.D.N.Y. 2012) (lack of insurance on real estate with commercial building cause for dismissal or conversion); *Gilroy v. Ameriquest Mortgage*

9

*Co., et al (In re Gilroy)*, 2008 WL 4531982 (1st Cir. BAP 2008) (failure to maintain property and liability insurance for five condominiums constitutes cause for dismissal).

Debtor states that it has only a "renter's" insurance policy which has not yet been either quantified in Debtor's email response to the UST Email or, as yet, physically provided to the United States Trustee. If Debtor is doing or proposing short-term rentals of the single-family-home at 18 Haystack Mountain Lane, that may involve dozens or scores of sub-tenants of every stripe which would require substantial liability insurance on the part of the Debtor in order to protect both its bankruptcy estate but primarily the public which would be in or around that property during the pendency of the Debtor's bankruptcy case.

Debtor has failed to provide proof that it has appropriate and adequate liability insurance for its properties which would appropriately serve to protect both its bankruptcy estate, its tenants, and the general public.

## INABILITY TO REORGANIZE

"Under Bankruptcy Code § 1112(b), a court can dismiss a chapter 11 case or convert it to a case under chapter 7 'for cause' so long as it is in the best interests of both the creditors and the estate. Subsection (b)(4) contains sixteen examples of events that may constitute cause. This list, however, is "not exhaustive' and courts are free to consider other factors." *In re FRGR Managing Member LLC*, 419 B.R. 576, 580 (Bankr. S.D.N.Y. 2009) (citations omitted). The moving party has the burden of demonstrating cause for dismissal. Bankruptcy judges have wide discretion to determine whether cause exists to dismiss or convert a case under § 1112(b)." *Id*. (citations omitted). Once cause is demonstrated, the Court must decide whether it is in the best interests of creditors and the bankruptcy estate to either dismiss the case or convert it to one under Chapter 7. *See In re FRGR Managing Member LLC*, supra at pages 580 and 581 which discusses the ten factor test for making such a determination.

Debtor came into existence only on June 26, 2019. It does not appear that it has either conducted any business since its creation or is only beginning to do so presently. Debtor has failed to even produce a profit and loss statement since the time of its creation until the commencement of this case when requested to do so by the United States Trustee. It may be that the Debtor is seeking to reorganize its business under Chapter 11 before that business actually exists.

From the information the United States Trustee was able to gather, the Debtor was created and entered into the lease agreement with RCN Capital for the 18 Haystack Mountain Lane property during the summer of 2019. Soon thereafter, the Debtor defaulted on its lease payments causing RCN Capital to declare the Debtor in default and obtain a judgment of possession from the State Courts of Vermont.

Rather than seek to pay its lease obligations and reinstate the lease or negotiate some other provision for its continued use of the subject property, the Debtor chose to file this Chapter 11 case. In addition, the Debtor, a corporate entity, waited until two days before the deadline to file an appeal of that Judgment of Possession and did so through the action of its managing member James Barnes without the benefit of an attorney which, to the United States Trustee's understanding, is not allowed in the Courts of the State of Vermont.

By failing to pay its lease payments to landlord RCN Capital seemingly throughout its existence and by failing to provide the United States Trustee with a profit and loss statement, the Debtor has not demonstrated that it has the financial ability to maintain the administration costs of a Chapter 11 reorganization.

"A Chapter 11 case may be converted or dismissed under § 1112(b)(1) for continuing loss to or diminution of the estate and absence of a reasonable likelihood of rehabilitation. The purpose of this ground is 'to prevent the debtor-in-possession from gambling on the enterprise at the creditors' expense when there is no hope of rehabilitation.'" *In re Adbrite Corp.*, 290 B.R. 209, 215 (Bankr.

[11]

S.D.N.Y. 2003), *citing In re GPA Technical Consultants, Inc.*, 106 B.R. 139, 141 (Bankr. S.D. Ohio 1989). "[T]he movant must prove not only a continuing loss to or diminution of the estate, but also must prove that there is no likelihood of rehabilitation." *Id.* "At the early stages of the case, to prove an absence of a reasonable likelihood of rehabilitation, the movant must show that there is no more than a 'hopeless and unrealistic prospect' of rehabilitation." *Id., citing In re Economy Cab & Tool Co., Inc.*, 44 B.R. 721, 724 (Bankr. D.Minn. 1984). "Inherent in the concept of a reasonable likelihood of rehabilitation for a single asset real estate debtor is that there must be a reasonable possibility of a successful reorganization within a reasonable time." *In re Creekside Sr. Apartments, LP*, 489 B.R. 51, 61 (6th Cir.BAP 2013) (citations omitted).

## CONCLUSION

Cause has been demonstrated for the dismissal of Debtor's Chapter 11 case in that there is: (a) no likelihood of rehabilitation, (b) there is insufficient rental income to provide for the payment of Debtor's mortgage, taxes, other expenses and provide an income for Debtor's principal Copeland, (c) that Debtor's liability insurance covering two occupied three family homes is inadequate to protect the bankruptcy estate, Debtor's tenants, and the public, and (d) that the Debtor has failed to file required documents both on the date of the commencement of its case and thereafter.

WHEREFORE, the United States Trustee requests that the Court enter an Order

  A. Dismissing Debtor's Chapter 11 case, and

  B. Granting such other relief as may be just and appropriate.

Dated: December 18, 2019        Respectfully submitted,
 New Haven, CT          WILLIAM K. HARRINGTON
                 UNITED STATES TRUSTEE FOR REGION

            By: /s/ Steven E. Mackey
               Steven E. Mackey/ct09932
               USDOJ Trial Attorney
               Giaimo Federal Building, Room 302

          150 Court Street, Room 302
          New Haven, CT 06510
          Tel. No. (203) 773-2210

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| **In re** | **Chapter 11** |
| **18 HAYSTACK MOUNTAIN LANE, LLC,** | **Case No. 19-22101 (JJT)** |
| **Debtor.** | |

## ORDER ON THE UNITED STATES TRUSTEE'S MOTION TO DISMISS

The United States Trustee having filed a Motion to Dismiss the Debtor's Chapter 11 case for cause and further objecting to the Debtor's retention of Attorney Hassan and further seeks an order compelling Attorney Hassan to disgorge any retainer given him by the Debtor or other party, and after appropriate notice and a hearing, and for good cause shown; **IT IS HEREBY ORDERED** that the Debtor's Chapter 11 case is dismissed.

[PROPOSED ORDER]